OWEN W. BUTTS v. JOHN HENSEY ET AL.

FILED MARCH 23, 1905. No. 13,748.

Sale: DELIVERY. The general rule, subject to exceptions, is that a delivery to a common carrier is a delivery to a vendee or consignee.

ERROR to the district court for Douglas county: WIL-LARD W. SLABAUGH, JUDGE. *Affirmed.*

*E. D. Pratt, Jr.,* and *E. W. Simeral,* for plaintiff in error.

*Crane & Boucher* and *Oliver S. Erwin, contra.*

AMES, C.

The substance of the petition so far as it affects the present controversy is as follows: "That on or about the 21st day of May, 1901, the defendant's agent, F. A. Beck, called on plaintiffs at Greenland, Arkansas, and entered into agreement with said plaintiffs relative to a car of strawberries, No. 17404, whereby defendant guaranteed to plaintiffs $1.20 per crate, net to plaintiffs, for said car of berries, which car contained 484 crates, aggregating the sum of $580.80, and that thereafter on or about May 27, 1901, defendant received said car and 'disposed of the same. No part of said sum of $580.80 has been paid except the sum of $402, and there is due from the defendant to the plaintiffs the sum of $178.80." The response of the answer to the foregoing pleading is as follows: "That said plaintiffs on or about the 20th day of May, 1901, agreed to consign to said defendant, on commission, a car of strawberries containing 484 crates, on which said de-fendant gave plaintiffs a guaranty of $1.20 per crate, pro-vided the strawberries were number one stock, which said plaintiffs warranted and represented them to be, and de-fendant relied on same; that the berries that were sent were not number one stock, but were soft, over-ripe and very inferior stock; that defendant sold them for the high-est price obtainable on the market and remitted to plain-tiffs the full amount realized less freight and commission, and that plaintiffs' first cause of action is paid in full." The plaintiffs recovered a verdict and judgment for the

amount claimed, and the defendant prosecutes error. The contract concerning the fruit was made for the defendant by an agent who visited the vendor at a town in Arkansas, where the berries were, at a time when some of them were then being loaded on the railway car, and who was assured by the latter that the whole car load would be of the same quality as were those then present. It is testified by several witnesses, without contradiction, that all the berries were of the same quality represented, and were of number one stock and of good quality and condition at the time of the shipment, but the defendant contends, and offered to prove, that they were in bad condition and almost unmarketable upon their arrival in Omaha. The evidence was excluded, and the court directed a verdict for the plaintiffs.

The sole question argued by counsel, orally and by brief, is whether the transaction was a sale of berries or a consignment of them by the plaintiffs to the defendant for sale upon commission. The question appears to us to be immaterial. The obligation to pay was absolute in either event, provided the fruit was of the quality stipulated for by the contract. If it was not, the defendant was at liberty in either case to rescind or to keep the property, and abate from the stipulated price the amount in which the value was reduced by the deterioration in quality. The amount of the reduction in price at which the defendant sold the berries would not in either case necessarily furnish the measure of damages, although in some circumstances if he acted in good faith and with prudence it might be an important item of evidence in that regard. Seemingly the litigable point in this case, if there is any, is whether fruit of the stipulated quality was by the terms of the contract to be delivered to the defendant at the place of shipment or in Omaha. But upon this point there is neither pleading nor proof; and the general rule, subject to exceptions, is that delivery to a common carrier is delivery to a vendee or consignee. Benjamin, Sales (7th ed.), par. 693.

For these reasons, we recommend that the judgment of the district court be affirmed.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

Affirmed.